```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOSEPH CASABLANCA,

                Plaintiff,   **ORDER**

    - against -    22-cv-9290 (NSR)(VR)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

-------------------------------------------------------------X

Nelson S. Roman, U.S. District Court Judge:

    Plaintiff, Joseph Casablanca ("Plaintiff"), filed applications with the Social Security Administration seeking disability benefits on October 19, 2020, and Supplemental Security Income benefits on May 13, 2021, alleging a disability with an onset date of April 26, 2016. (ECF No. 19.) The matter proceeded before an Administrative Law Judge ("ALJ") who, on January 3, 2022, determined Plaintiff did not have a disability. (*Id*.) Plaintiff sought review by the Appeals Council of the ALJ's determination which was denied on September 30, 2022. (*Id*.)

    Plaintiff commenced this action in October 2022, challenging the Commission's determine on ineligibility. (ECF No. 29.) Plaintiff alleged the decision of the ALJ was erroneous, not supported by substantial evidence in the record, and/or contrary to law. (*Id*.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Paul Davison ("MJ Davison") to issue a Report and Recommendation ("R & R"). (ECF No. 10.) Upon MJ Davison's retirement, the matter was re-assigned to Magistrate Judge Victoria Reznik ("MJ Reznik"). (ECF No. 15.) By Stipulation dated August 18, 2023, the Commissioner's decision was

deemed reversed and the action remanded to the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), for further administrative proceedings, including a new hearing. (ECF No. 22.) By Stipulation dated November 3, 2023, the Defendant agreed to pay Plaintiff's attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412. (ECF No. 25.)

The matter was remanded to the Commission to determine Plaintiff's eligibility for benefits. (ECF No. 23.) On remand, a second hearing was held and Plaintiff was deemed disabled and entitled to benefits. (*Id*.) On October 16, 2024, Plaintiff's counsel moved for legal fees pursuant to 42 U.S.C. Section 406(b). (ECF No. 27.) The Commission opposed the motion. (ECF No. 32.)

Presently before the Court is MJ Reznik's R & R, dated November 18, 2024, recommending that Plaintiff's motion for an award of attorney's fees be granted in the amount of $21,788.00, and that the prior award of $6,650.83 be refunded. (ECF No. 33.) To date, no objection has been filed to the R&R. For the following reasons, the Court adopts the R & R in its entirety.

**STANDARD OF REVIEW**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and

recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

More than fourteen days have passed since the issuance of the R & R. Neither Plaintiff nor

Defendant has made timely objections to the R & R. Thus, the Court reviews the R & R for clear error.

A claimant may be entitled to attorney fees pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b); *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 668 (S.D.N.Y. 2010). In particular, the Act provides that a claimant, who is represented by counsel, is entitled to reasonable attorney's fees, not to exceed twenty five percent (25%) of the past-due benefits claimant is entitled to, upon entry of a favorable judgment. 42 USC § 406(b)(1)(A). In determining whether to award legal fees, the courts first look to the retainer agreement, and then tests the agreement for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

Here, the Court notes that the matter was remanded to the Social Security Administration pursuant to a stipulation. Upon remand, Plaintiff was deemed disabled and eligible for benefits. Thus, Plaintiff obtained a favorable determination which has since been unchallenged. Plaintiff has demonstrated entitlement to reasonable attorney. Finding no clear error in MJ Reznik's R & R, the Court adopts the R & R in its entirety and awards Plaintiff attorney's fees.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Reznik's R & R in its entirety. The application seeking attorney's fees is GRANTED. Plaintiff is awarded fees in the in the amount of $21,788.00 in fees, and that the prior award of $6,650.83 is to be refund. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 27 and the action.

Dated: April 4, 2025  　　　　　　　　　　　　　　　　SO ORDERED:
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN